**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**Mariola Bitner
and Kathreen Bitner,
d/b/a Soul Body Gems**

Plaintiffs,

**v.**

**Enchanting Earth LLC,
Jaimie Inglett and Richard
Inglett IV**

Defendants.

Case No. 26-cv-3490

## COMPLAINT AND DEMAND FOR JURY TRIAL

## The Parties

1. Plaintiff Mariola Bitner is a natural person residing in Pasco County, Florida and the mother of Plaintiff Dr. Kathreen Bitner.

2. Plaintiff Dr. Kathreen Bitner is a natural person residing in Pasco County, Florida is the daughter of Plaintiff Mariola Bitner.

3. Plaintiffs Mariola and Dr. Kathreen Bitner have operated as a general partnership under name SOUL BODY GEMS ("SBG") since at least 2019.

4. Defendant Enchanting Earth LLC is an Arizona Limited Liability Company with its principal place of business in Arizona.

5. Upon information and belief, Defendant Jaimie Inglett is a resident of Arizona and manager of Defendant Enchanting Earth LLC.

6. Upon information and belief, Defendant Richard Inglett IV is a resident of Arizona and manager of Defendant Enchanting Earth LLC.

7. Upon information and belief, Jaime and Richard Inglett acting in concert direct, control, participate in, and ratify the actions of Defendant Enchanting Earth LLC. Jaime and Richard Inglett are personally responsible for all actions taken by Enchanting Earth LLC alleged in this Complaint.

## **Jurisdiction and Venue**

8. Counts I-VII arise under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201-2202) and the Copyright Act of 1976, 17 U.S.C. § 101 et seq., and the Lanham Act, 15 U.S.C. §§ 1051 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1338(a).

9. Counts VIII-XI arise under Florida law. This Court has subject matter jurisdiction over these claims because the amount in controversy exceeds $75,000 and there is diversity of citizenship between the Plaintiffs and Defendants pursuant to 28 U.S.C. § 1332. Alternatively, this Court has

supplemental jurisdiction over the state court claims pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Defendants because they reached into Florida to do business and then committed tortious acts against the Plaintiffs in this state, causing injury to persons and property within the state of Florida. § 48.193, Fla. Stat.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims has occurred in this District and a substantial part of the property that is the subject of this action is situated in this District.

## **Factual Allegations Relevant to All Counts**

12. Since at least 2019, SOUL BODY GEMS has sold loose gemstones, crystals, stone carvings, and jewelry such as pendants, rings, earrings, and bracelets through online platforms such as Etsy.com and Instagram.

13. Since at least 2019, SBG's logo has incorporated a double infinity symbol design.

14. SBG sells a variety of jewelry designs, some of which are purchased as-is from third parties and some which are designed specifically

for SBG by third parties with the input of Plaintiffs Mariola and Dr. Kathreen Bitner.

15. Because the stones and gems sold by SBG are unique, unless they have calibrated gemstones cut to the same specifications, the pieces of jewelry sold by SBG generally have many variations. While the designs may have common standard elements, particularly with adjustable rings, even designs sold within the same family of design have variations due to the size, cut, and appearance of the gemstones featured.

16. Since at least 2019, the Instagram handle @soulbodygems has been Plaintiffs' primary marketing platform. In September, 2019, that page had approximately 10,000 followers. By September, 2026, the page had more than 72,000 followers.

17. SBG's primary source of sales since at least 2019 has been via live sales of goods announced during Instagram live events. Until October 2026, these live events occurred regularly, generally two or more times a month, on the @soulbodygems Instagram page.

18. Until September 19, 2026, approximately 95% of SBG's sales were a direct result of purchasers viewing these Instagram live sessions on the @soulbodygems Instagram page. Those live videos generally had

between 2,000 and 12,000 viewers at any given moment over the course of two full days of live streaming.

19. For example, Instagram analytics showed that between December 22, 2025 and January 22, 2026, SBG's Instagram page had more than 800,000 views from more than 200,000 Instagram accounts – more than 40% or which were not following the page. Its followers were highly interactive, with more than 30,000 interactions with posts during that one-month period alone.

### A. Enchanting Earth Sends Its Initial Threatening Letter

20. In December 2025, via an Instagram Post, SBG announced the sale of lot of non-solid adjustable rings, featuring an openwork split shank made up of two rails on each side resolving into a ball, with an additional swooping element to add structure between those two rails and featuring Oregon Sunstone stones of varying shapes and cuts, generally affixed to the ring by a pronged setting (the "SBG Oregon Sunstone Design"):




*Figure 1. December 2025 SBG Oregon Sunstone Design*

21. On or about December 29, 2025, Enchanting Earth sent Plaintiffs a cease-and-desist letter alleging that SBG's sale of the SBG Oregon Sunstone Design would infringe Enchanting Earth's alleged copyright in the Classic Ring Design and would violate the Lanham Act and demanding that SBG refrain from conducting the sale anticipated in the coming days.

22. Upon information and belief, Defendant Enchanting Earth in 2026 sought copyright registration with the United States Copyright Office for the design it has entitled "Classic Ring," claiming that the ring is an original work of authorship without disclaiming any pre-existing elements and alleging a date of first publication date of January 9, 2023.

23. Upon information and belief, the “Classic Ring” design claimed by Defendant Enchanting Earth is depicted in the following images:



*Figure 2 Enchanting Earth's Claimed "Classic Ring"*

24. SBG disputed that the SBG Oregon Sunstone Design in any way copied Enchanting Earth’s Classic Ring, much less any protectable elements of that ring. However, in an attempt to avoid costly litigation, SBG ceased sales of the SBG Oregon Sunstone Design, causing damage to SBG.

### B. Enchanting Earth’s Second Threatening Letter

25. In January 2026, SBG decided to work with a frequent collaboration partner to design a new ring based on the infinity symbol, because infinity symbol imagery has been a part of SBG’s branding since its inception. After significant communication and feedback with the designer,

Dr. Bitner provided the designer with a sketch of an infinity ring design on or about January 3, 2026.

26. On or about January 29, 2026, the Designer provided SBG with ring sample of a variation of the infinity ring known as the SBG Day Infinity design.

27. Kathreen Bitner provided a drawing of the proposed design for the variation of infinity ring referred to herein as the SBG Morning Infinity Ring and a variation known as the Midnight Infinity Ring on or about February 5, 2026.

28. The Designer further provided formal CAD drawing of the SBG Morning Infinity Ring, the SBG Day Infinity Ring design, and the SBG Midnight Infinity ring on or about February 10, 2026. On or about that date, SBG offered to sell the SBG Morning Infinity Ring to one or more customers upon completing its manufacture.

29. The Designer, with input from SBG, created a few different variations of the SBG Infinity Ring between February 10, 2026 and March 5, 2026.

30. The February 10, 2026 design, of the Morning Infinity Ring as depicted in the designer's CAD drawing, was as follows:




*Figure 3 February 10, 2026 Morning Infinity CAD Drawing*

31. SBG approved manufacture of the SBG Infinity Ring variants, and on or about July 28, 2026, SBG announced via an Instagram Post to the @soulbodygems account that it was launching the "Soul Body Gems Signature Collection," featuring the various infinity-inspired designs.

32. The post featured a short video and announced a pre-sale Live on Friday, July 31, with the sales being conducted during Instagram broadcasts live on August 1 and 2, 2026. The following is a screen shot from that video:




*Figure 4 Screen Shot from July 28, 2026 Instagram Post*

33. On July 30, SBG again advertised its upcoming sale in a post featuring the following five photographs, each of which was authored by either Kathreen Bitner:




*Figure 5 July 30 Instagram Post Images*

34. Soon after the July 28th post went live, upon information and belief Enchanting Earth began sending copyright take down notices to Instagram, swearing under penalty of perjury that SBG's Instagram posts infringe Enchanting Earth designs.

35. The Takedown notices were directed at three separate SBG Instagram posts. One takedown notice was directed at the December 28, 2025 Instagram Post featuring the Oregon Sunstone rings depicted in Figure 1. Another was directed at the July 28, 2026 video post, and another was directed at the July 30, 2026 still photos post.

36. On or about August 24, 2026, SBG, through counsel, sent Enchanting Earth a letter disputing the infringement alleged by Enchanting Earth. The letter detailed the timeline of SBG's design process for the

Morning Infinity Ring and infinity variations, noting that it had been substantially completed prior to Enchanting Earth's alleged publication of the Enchanting Earth Infinity Ring, and that in any event SBG did not have access to the "updates and secrets" customer chat channel in which Enchanting Earth announced the Enchanting Earth Infinity Ring in February 2026.

37. The August 24, 2026 letter also noted that Enchanting Earth's takedown notices were directed at original photographs and that while SBG disputed that its Morning Infinity Ring infringed the Enchanting Earth Infinity Ring, none of the elements of the Enchanting Earth Infinity Ring that Enchanting Earth claimed had been copied were visible in the image found in Figure 4, and thus there was no basis for Enchanting Earth to make a good-faith claim of copyright infringement as required by the Digital Millennium Copyright Act (DMCA) takedown procedure.

38. On September 19, 2026, in the middle of a sales event SBG conducted during an Instagram live broadcast, SBG's @soulbodygems Instagram account was shut down by Instagram.

39. On or about September 25, 2026, Enchanting Earth sent another letter taking credit for the takedown notices and demanding that SBG cease selling the SBG Morning Infinity Ring. Enchanting Earth alleged that the

SBG Morning Infinity Ring was a copy of an Enchanting Earth Infinity Ring design announced in February, 2026 in a small private group not accessible to the general public.

40. Upon information and belief, Defendant Enchanting Earth has sought copyright registration with the United States Copyright Office for the design it has entitled Infinity Ring and referred to herein as the Enchanting Earth Infinity Ring, claiming that the ring is an original work of authorship without disclaiming any pre-existing elements and alleging a date of first publication date of February 11, 2026.

41. Upon information and belief, the Enchanting Earth Infinity Ring design claimed by Defendant Enchanting Earth is depicted in the following images:



*Figure 6 Enchanting Earth's Claimed "Infinity Ring"*

42. As a result of Enchanting Earth's repeated take down notices, Instagram has permanently disabled SBG's @soulbodygems Instagram page, and has deleted the page from public view. As a direct result of Enchanting Earth's actions, SBG has lost contact with most of its more than 72,000 followers and no longer has access to the broad base of repeat customers and potential customers it has organically grown since 2019.

43. Instagram has refused to reinstate the @soulbodygems page as a direct result of Defendants' allegations of copyright infringement.

44. All conditions precedent to these claims have been performed or have been waived.

## Count I
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF TRADE DRESS – PRODUCT DESIGN
## (Enchanting Earth Classic Ring and Enchanting Earth Infinity Ring Designs)

45. Plaintiffs incorporate by reference the allegations in paragraphs 1-44 as if fully incorporated herein.

46. This is a declaratory judgment action under the Trademark Laws of the United States, 15 USC § 1051 et seq., the Lanham Act, 15 U.S.C. §1125, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist manufacture and sale

of the Plaintiffs' product and forbearance of manufacture of other similar products.

47. Defendant has alleged in a cease-and-desist letter directed at SBG that Enchanting Earth's Classic Ring design and Enchanting Earth's Infinity Ring design "constitute protectable trade dress under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)" and that SBG's ring designs infringe that trade dress.

48. Plaintiffs seek an order declaring that Enchanting Earth's alleged trade dress rights for the Enchanting Earth Classic Ring and Enchanting Earth Infinity Ring designs lack the requisite legal requirements to be protectable and enforceable trade dress.

49. Plaintiffs seek an order declaring that there is no likelihood of confusion even if there were enforceable trade dress.

## Count II
## DECLARATORY JUDGMENT OF COPYRIGHT INVALIDITY
## (Enchanting Earth Classic Ring)

50. Plaintiffs incorporate by reference the allegations in paragraphs 1-44 as if fully incorporated herein.

51. Upon information and belief, the Enchanting Earth Classic Ring pictured in paragraph 23 supra is not an original work of authorship.

52. To the extent the Enchanting Earth Classic Ring design contains any original elements, those elements have been copied by Enchanting Earth from other ring designs in the marketplace that predate the Enchanting Classic Ring Design by at least two decades.

53. Specifically, a jewelry maker named Robert "Bob" Karl Geisel Jr., owner of jewelry manufacturer Magical Delights, has manufactured and sold non-solid adjustable rings, with varying settings for varying stones and based on an openwork split shank made up of two rails with an additional element to add structure between those two rails and featuring rounded ball terminals for comfort, for decades. A sample of this longstanding design is found at one of Geisel's current retail outlets, Shamans Market:




*Figure 7 Geisel Design as Depicted on Shamans Market Website*

54. Bob Geisel has sold his rings at various in-person events for many years, including but not limited to the Tuscon Gem & Mineral Show in

2013. The Tuscon Gem & Mineral Show, conducted in Tuscon, Arizona since the 1970s, is one of the largest marketplaces for wholesale and retail gems, minerals, and related jewelry sold by various vendors.

55. Since at least as early as July, 2022, Enchanting Earth has sold rings designed by Bob Geisel, including Geisel's rings dubbed "Finger Bracelets."

56. Since at least as early as December 2023, Enchanting Earth has conducted online sales in which Geisel's nephew, Digby Bertram, was featured on screen showing the Geisel designs for the audience.

57. Enchanting Earth had actual knowledge of Bob Geisel and his various jewelry designs prior to the January 9, 2023 date Enchanting Earth alleges that Jamie and Richard Inglett designed the Enchanting Earth Classic Ring.

58. Pictured side-by-side, it is clear that the Geisel rings and Enchanting Earth's ring share the same combination of unprotectable functional elements and other elements, with the only difference being a

variation in stone setting functionally necessitated by the differences in unique stones used in each ring:



*Figure 8 (l-r) Geisel Design, and Enchanting Earth Classic Ring Design*

59. Even if the Enchanting Earth Classic Ring is not a copy of Bob Geisel's ring designs, the design lacks sufficient originality to have copyright protection under 17 U.S.C. § 102. All of the individual two- and three-dimensional elements used in the design, as well as the overall combination of these elements: shape, form, stones and their arrangement, use of composition materials, and colors are either purely functional, or are common, familiar, or standardized and cannot be copyrighted.

60. Enchanting Earth's allegations of copyright ownership of the Enchanting Earth Classic Ring design have created an actual and justiciable controversy by way of the credible threat of immediate litigation with respect to the SBG Oregon Sunstone Design.

61. Plaintiff requests an order declaring that the Enchanting Earth's alleged copyright in the Enchanting Earth Classic Ring design are not

original enough to warrant copyright protection and thus cannot be enforced against Plaintiff.

## Count III
## DECLARATORY JUDGMENT OF COPYRIGHT INVALIDITY
## (Enchanting Earth Infinity Ring)

62. Plaintiffs incorporate by reference the allegations in paragraphs 1-44 as if fully incorporated herein.

63. The Enchanting Earth Infinity Ring design depicted in Figure 6 lacks sufficient originality to have copyright protection under 17 U.S.C. § 102. All of the individual two- and three-dimensional elements used in the design, as well as the overall combination of these elements: shape, form, stones and their arrangement, use of composition materials, and colors are either purely functional, or are common, familiar, or standardized and cannot be copyrighted.

64. Enchanting Earth's allegations of copyright ownership of the Enchanting Earth Infinity Ring design have created an actual and justiciable controversy by way of the credible threat of immediate litigation with respect to the SBG Morning Infinity Ring.

65. Plaintiff requests an order declaring that the Enchanting Earth's alleged copyright in the Enchanting Earth Infinity Ring design are not

original enough to warrant copyright protection and thus cannot be enforced against Plaintiff.

**Count IV**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**(Enchanting Earth Classic Ring)**

66. Plaintiffs incorporate by reference the allegations in paragraphs 1-44 and 51-60 as if fully incorporated herein.

67. Because the Enchanting Earth Classic Ring lacks sufficient originality, the SBG Oregon Sunstone Design does not infringe it.

68. In the alternative, the SBG Oregon Sunstone Design is not substantially similar to any original elements of the Enchanting Earth Classic Ring.

69. Plaintiffs request a declaratory judgment that the SBG Oregon Sunstone Design does not infringe the Enchanting Earth Classic Ring.

**Count V**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**(Enchanting Earth Infinity Ring)**

70. Plaintiffs incorporate by reference the allegations in paragraphs 1-44 as if fully incorporated herein.

71. In addition to the accused SBG Morning Infinity Ring, SBG also sells several other rings based on the infinity symbol, branded the Midnight Infinity Ring, the Midnight Infinity Variation Ring, the Day Infinity Ring, and the Night Infinity Ring ("the SBG Infinity Collection").

72. Because the Enchanting Earth Infinity Ring lacks sufficient originality, none of the rings in the SBG Infinity Collection infringe the Enchanting Earth Infinity Ring.

73. In the alternative, the rings in SBG Infinity Collection are not substantially similar to any original elements of the Enchanting Earth Infinity Ring.

74. Plaintiffs request a declaratory judgment that the SBG Infinity Collection does not infringe the Enchanting Earth Infinity Ring.

**Count VI**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**(SBG Instagram Post Dated July 30, 2026)**

75. Plaintiffs incorporate by reference the allegations in paragraphs 1-44 as if fully incorporated herein.

76. The photo/video depicted in Figure 4 above is an original work of authorship authored by Kathreen Bitner. Kathreen Bitner arranged the products for display, chose the lighting, framing, and angle of the video, and edited the video to include original text. The rings in that image are depicted

from a top-view only, emphasizing the variety of unique stones used, such that only the gem and setting type are visible, not the entire design of the rings.

77. No reasonable copyright holder could have believed that the image in Figure 4 infringed any copyright in either the Enchanting Earth Classic Ring or Enchanting Earth Infinity Ring designs, even if those rings were subject to copyright protection.

78. Plaintiff requests an order declaring that the image in Figure 4, above does not infringe either the Enchanting Earth Classic Ring or Enchanting Earth Infinity Ring designs.

**Count VII**
**MISREPRESENTATION PURSUANT TO 17 U.S.C. § 512(f)**
**(SBG Instagram Post Dated July 30, 2026)**

79. Plaintiffs incorporate by reference the allegations in paragraphs 1-44 and 76-77 as if fully incorporated herein.

80. Defendants knowingly misrepresented to Instagram that the top view image, which did not depict the sides of the rings being offered for sale and instead highlighted the variety of stones available, infringed Defendant's alleged copyright in the Enchanting Earth Infinity Ring design.

81. Defendants' misrepresentation was material to Instagram's actions in taking down the post, and Instagram relied on that

misrepresentation. The misrepresentation was also material because it contributed to the eventual removal of the @soulbodygems Instagram Page in its entirety.

82. No reasonable copyright holder could have believed that image in Figure 4, above, infringed any copyright in either the Enchanting Earth Classic Ring or Enchanting Earth Infinity Ring designs.

83. Defendants' used the DMCA takedown procedure to stifle reasonable competition based on non-infringing goods, and admitted as much in correspondence to SBG.

84. SBG has suffered damages in the form of lost sales, lost access to marketing channels, lost access to potential vendors, and lost access to content that was not accused of infringing as a direct result of Defendants' unwarranted claims.

85. Defendants were provided a detailed explanation of non-infringement and refused to withdraw its takedown notices.

86. All three Defendants were materially responsible for the actions undertaken by Enchanting Earth in directing and seeking to abuse the takedown system.

## Count VIII
## Tortious Interference with Contractual Relationships
## (Plaintiffs' Relationship with Instagram)

87. Plaintiffs incorporate by reference the allegations in paragraphs 1-44 as if fully incorporated herein.

88. Plaintiffs, in creating the @soulbodygems Instagram Handle, entered into a contractual relationship with Instagram (the "Instagram Relationship").

89. Defendants knew of that relationship.

90. Defendants intentionally interfered with the Instagram Relationship by knowingly sending takedown notices regarding @SoulBodyGems posts knowing those posts did not depict infringement.

91. As a direct result of Defendants' interference with the Instagram Relationship, Instagram terminated the @soulbodygems account.

92. Plaintiffs have suffered damages including but not limited to lost sales and lost access to potential and existing customers, costs and fees associated with attempting to challenge the takedown and obtain reinstatement, and damage to their reputation.

93. Plaintiffs request an award of damages for these losses.

## Count IX
## Tortious Interference with Business Relationships

94. Plaintiffs incorporate by reference the allegations in paragraphs 1-44 as if fully incorporated herein.

95. SBG's more than 72,000 Instagram followers on its now-defunct @soulbodygems Instagram account consisted of both past, present, and prospective customers.

96. In the months prior to the account being taken down, more than 90% of SBG's monthly sales were to repeat customers who learned of new sales through live events conducted through the @soulbodygems Instagram account. These repeat buyers depended upon the @soulbodygems Instagram account to inform them of upcoming sales so that they can make purchases.

97. Defendants intentionally and without justification interfered with SBG's relationship with its existing customers because Defendants' actions directly caused Instagram to cancel the @soulbodygems account, adversely affecting SBG's relationship with its repeat customers.

98. The cancellation occurred during SBG's live sales event on September 19, 2026. Therefore, SBG was unable to conduct the sale its customers were anticipating.

99. SBG has been damaged as a result of Defendants' tortious interference with SBG's relationship with its customers.

**Count X**
**Florida Unfair and Deceptive Trade Practices Act**
**(FDUPTA. § 501.201 et seq.)**

100. Plaintiffs incorporate by reference the allegations in paragraphs 1-44 as if fully incorporated herein.

101. This is an action for alleging defendants engaged in unfair and deceptive trade practices as defined by the Florida Unfair and Deceptive Trade Practices Act (FDUPTA), § 501.201, et. seq.

102. Defendants' actions in the conduct of trade by making multiple false reports of alleged infringement to third party Instagram for anticompetitive purposes are the direct cause of damage to SBG's legitimate business enterprise.

103. SBG advised Defendants that their actions were not justified, that their rings did not possess the requisite originality to be protected by copyright law, and that the photos they reported did were not copies of their photos and did not contain images of copyrighted works. Defendants nonetheless persisted in making baseless attacks against SBG and submitting copyright infringement reports to Instagram in an effort to stop SBG from competing with Enchanting Earth.

104. Plaintiffs have suffered injury, harm and loss as defined by § 501.211(2), Fla. Stat. as a result of these actions, including but not limited to severed connections with actual and potential clients and lost sales.

## Count XI
## Common Law Fraud (All Defendants)

105. Plaintiffs incorporate by reference the allegations in paragraphs 1-44 and 51-60 as if fully incorporated herein.

106. Enchanting Earth, acting through Jaimie and Richard Inglett, continues to make false statements to the public, by stating in Instagram live broadcasts that they are the sole owner of the Enchanting Earth Classic Ring design and encouraging Enchanting Earth's viewers to report other shops with similar designs for copyright infringement.

107. Enchanting Earth, acting through Jaime and Richard Inglett, have known since before they swore to the Copyright Office their Classic Ring was actually a copy of Bob Geisel's prior designs.

108. Enchanting Earth's statements that it is the sole owner and only authorized party to sell rings similar to its claimed Classic Ring design, both in recent Instagram lives and in prior statements made directly to the Plaintiffs, are false statements of material fact.

109. These false statements have been made with the intention to induce Plaintiffs to stop selling goods that compete in the marketplace.

110. Plaintiffs relied on these false statements in making the decision to stop selling the SBG Oregon Sunstone Design.

111. Plaintiffs have been damaged by these false statements of material fact.

## JURY TRIAL DEMAND

Plaintiffs requests  a trial by jury for all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A. A declaratory judgment that Defendants do not have trade dress rights in the Enchanting Earth Classic Ring or Enchanting Earth Infinity Ring;

B. A declaratory judgment that the purported copyright of the Enchanted Earth Classic Ring is unenforceable,

C. A declaratory judgment that the purported copyright of the Enchanted Earth Infinity Ring is unenforceable,

D. A declaratory judgment that the SBG Oregon Sunstone Design does not infringe the Enchanting Earth Classic Ring,

E. A declaratory judgment that the SBG Infinity Collection does not infringe the Enchanting Earth Infinity Ring;

F. Damages pursuant to 17 U.S.C. § 512(f);

G. Damages for tortious interference with business relations;

H. Damages pursuant to FDUPTA;

I. Punitive Damages;

J. An order awarding Plaintiffs their costs, expenses, and reasonable attorney's fees as permitted by law; and

K. Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

November 16, 2026

*/s/ Dineen Pashoukos Wasylik*
Dineen Pashoukos Wasylik
Florida Bar No. 0191620
DPW LEGAL
P.O. Box 48323
Tampa, FL 33646
Tel: 813 -778-5161
Fax: 813-907-3712
dineen@ip-appeals.com
service@ip-appeals.com

***Counsel for Plaintiffs***
***Mariola Bitner and Kathreen Bitner***
***d/b/a Soul Body Gems***